UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSEPH BELL, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-18-3791 |
| | § | |
| JERRY MCGINTY, *et al*, | § | |
| | § | |
| Defendants. | § | |

## **ORDER**

On October 16, 2018, this Court conducted the required screening under 28 U.S.C. § 1915A and determined that this case is barred by 28 U.S.C. § 1915(g). (Doc. No. 3). Plaintiff Joseph Bell (TDCJ #00646053) has filed two motions that, broadly construed, seek relief from judgment under Federal Rule of Civil Procedure 59(e). (Doc. Nos. 10 & 11). He has also filed a "Motion for Execution." [Doc. No. 13], a motion to proceed *in forma pauperis* (Doc. No. 14), and an "amended" petition for a writ of habeas corpus (Doc. No. 16).

Rule 59(e) motions "serve the narrow purpose of allowing a party 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (citations omitted). Rule 59(e) cannot be used to introduce evidence that was available prior to the entry of judgment, nor should it be employed to relitigate old issues, advance new theories, or secure a rehearing on the merits. *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) (citation omitted). A Rule 59(e) motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. *Id.; see also Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998) (holding that a party cannot attempt to obtain "a second bite at the apple" by

presenting new theories or re-litigating old issues that were previously addressed). Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *Templet,* 367 F.3d at 479.

As noted in the Court's October 16, 2018 Order, Plaintiff's claims, including claims cast as an "Amended Petition for a Writ of Habeas Corpus," are unintelligible and do not appear to state any discernible claim against any defendant. To the extent that Plaintiff intended to file a petition for a writ of habeas corpus rather than to try to circumvent the three strikes rule, such a petition should be filed in a separate case because it does not relate to the claims against Plaintiffs and does not appear to seek relief that is cognizable in habeas corpus. In his pending motions, Plaintiff does not show that this Court's determination that he is barred by three strikes was erroneous and does not alter the Court's conclusion that this case should be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

Accordingly, the Court **ORDERS** as follows:

1.    Plaintiff's pending motions (Doc. Nos. 10, 11, 13, and 14) are **DENIED.**

2.    Plaintiff's Amended Petition for a Writ of Habeas Corpus (Doc. No. 16) is **DISMISSED** without prejudice.

3.    A certificate of appealability is **DENIED**.

4.    All other pending motions, if any, are **DENIED as MOOT**.

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED at Houston, Texas, this  13ᵗʰ  day of June, 2019.


ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE